**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

THE TRYLLION GROUP,

     Plaintiff,

v.

                             Cause No.: 2021DCV4071

MADISON MANAGEMENT SERVICES,
LLC & PROCTOR LOAN SERVICES,

     Defendant.

_____/

## **NOTICE OF REMOVAL**

Defendant Proctor Financial, Inc. ("Proctor")[1] files its Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as follows:

## **STATEMENT OF REMOVAL**

1.      On or about November 22, 2021, Plaintiff The Tryllion Group ("Plaintiff") filed a lawsuit against Proctor and Madison Management Services, LLC ("Madison") in the District Court of El Paso County, Texas, 168th Judicial District, Cause No. 2021DCV4071 ("State Court Action").

2.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all pleadings filed in the State Court Action are attached to this Notice as Exhibit "A."

3.      On November 30, 2021, Proctor was served with the State Court Action.

4.      Proctor filed their Original Answer and Affirmative Defenses in response to the State Court Action on December 20, 2021.

5.      Under 28 U.S.C. § 1441(a), removal of an action originally filed in a state court is proper in "any civil action brought in a state court of which the district courts of the United States

---

[1] Proctor notes that Plaintiff improper designated it as "Proctor Loan Services" in the caption.

have original jurisdiction."

6.      Additionally, 28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens and subjects of a foreign state."

7.      Because this case involves claims for which the Plaintiffs seek damages in excess of $75,000 and is between citizens of Michigan, Nevada, and Wyoming or California, diversity jurisdiction exists and this Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a).

8.      In removing this matter from this Court, Proctor does not intend to waive any defenses it might have, including, but not limited to, improper service, personal jurisdiction, and/or venue.

## DIVERSITY OF CITIZENSHIP

9.      The Plaintiff is a corporation organized under the laws of the state of Wyoming. Additionally, Plaintiff is registered as a Foreign Corporation under the laws of the state of California, and maintains its principal place of business in California.  Plaintiff is a citizen of California and/or Wyoming.

10.      Madison in a limited liability company organized in the State of Nevada. Its members are citizens of Nevada.

11.      Proctor is corporation organized under the laws of the state of Michigan.  Proctor's principal place of business is in Michigan. Proctor is a citizen of Michigan.

12.      No other parties have been joined or served in this action.

## AMOUNT IN CONTROVERSY

13.      The Petition in the State Court Action alleges Negligence, Breach of Fiduciary Duty,

Deceptive Trade Practices, and Common Law Fraud against both Proctor and Madison.

14.    Plaintiff's Petition alleges that Plaintiff is seeking to recover in excess of $250,000.00.

15.    While Proctor denies that anything is owed to Plaintiff or that they are liable in any way, Plaintiff is seeking damages in excess of the jurisdictional limit of $75,000 as to each defendant, as required under 28 U.S.C. § 1332(a).

## REMOVAL PROCEDURES

16.    Under 28 U.S.C. § 1446(b)(1), "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant." Proctor was served with this suit on November 30, 2021.

17.    Removal is properly made to the United States District Court for the Western District of Texas under 28 U.S.C. § 1441(a) because El Paso County, where the State Court Action is currently pending, is within the Western District of Texas.

18.    Underwriters will file written notice of the filing of this Notice of Removal with the Clerk of the Court of the District Court of El Paso County, Texas, 168th Judicial District, and will serve same on the Plaintiffs pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, by this Notice of Removal, Underwriters hereby remove this action from the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida and respectfully request that this action proceed as properly removed to this Court.

This 29th day of December, 2021.

Respectfully submitted,

WOOD, SMITH, HENNING & BERMAN LLP

/s/ Robert W. Hellner
Robert W. Hellner, State Bar No. 24108154
901 Main Street, Suite 3670
Dallas, Texas 75202
Telephone: (469) 210-2050
Fax: (469) 210-2051
rhellner@wshblaw.com

**ATTORNEYS FOR DEFENDANT
PROCTOR FINANCIAL, INC.**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on December , 2021, a copy of Defendant Proctor Financial, Inc.'s Notice of Filing Notice of Removal was served on all parties and/or counsel of record by electronic service, and the electronic transmission was reported as complete. My email address is rhellner@wshblaw.com.

Shaun W. Hodge
Jahan V. Guram
THE HODGE LAW FIRM, PLLC
2211 Strand, Suite 302
Galveston, Texas 77550
shodge@hodgefirm.com

/s/ Robert W. Hellner
Robert W. Hellner

# EXHIBIT **A**



null / ALL
**Transmittal Number: 24129162**
**Date Processed: 11/30/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Brittany Zalich<br>Brown & Brown, Inc.<br>300 N Beach St<br>Daytona Beach, FL 32114-3304 |
| **Electronic copy provided to:** | Lauren Clark<br>Cheryl Gortmans<br>Maria Leal |

| | |
|---|---|
| **Entity:** | Proctor Financial, Inc.<br>Entity ID Number  3971313 |
| **Entity Served:** | Proctor Financial, Inc. |
| **Title of Action:** | The Tryllion Group vs. Madision Management Services, LLC |
| **Matter Name/ID:** | The Tryllion Group vs. Madision Management Services, LLC (11775447) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | El Paso County District Court, TX |
| **Case/Reference No:** | 2021 DCV4071 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 11/29/2021 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | The Hodge Law Firm, PLLC<br>409-762-5000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO:   **PROCTOR FINANCIAL, INC.,** who may be served with process by serving its registered agent at CORPORATION SERVICE COMPANY 211 E 7TH STREET, SUITE 620, AUSTIN, TX  78701

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **168th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Original Petition was filed in said court on the 22nd day of November, 2021, by Attorney at Law Shaun W. Hodge, 2211 Strand, Suite 302, Galveston, TX  77550 in this case numbered **2021DCV4071** on the docket of said court, and styled:

**THE TRYLLION GROUP**
**VS**
**MADISON MANAGEMENT SERVICES, LLC & PROCTOR LOAN SERVICES**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 24th day of November, 2021.

Attest:  NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.



CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
Enrique Moreno County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

ATTACH RETURN RECEIPTS
WITH ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

| *NAME OF PREPARER | | TITLE | |
|---|---|---|---|
| ADDRESS | | | |
| CITY | STATE | | ZIP |

By _____, Deputy
Kia-Dre Henry

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on this the 24th day of November, 2021 at 10:54 AM I mailed to:

PROCTOR FINANCIAL, INC.  CORPORATION SERVICE COMPANY 211 E 7TH STREET SUITE 620 AUSTIN TX  78701

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition attached thereto.

_____
Court Clerk

**RETURN OF SERVICE**

Delivery was completed on _____, delivered to_____

_____ as evidence by Domestic Return Receipt PS Form 3811 attached hereto.

      The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____.

      This forwarding address was provided:_____

ARTICLE NO. : 7160101990400436726

SENT TO:  PROCTOR FINANCIAL, INC.
CORPORATION SERVICE COMPANY
 211 E 7TH STREET SUITE 620
AUSTIN TX  78701

POSTAGE: $0.37
FEE: $2.30
RETURN RECEIPT FEE: $1.75

DATE SENT: 11/24/2021

SENDER'S NAME: Kia-Dre Henry

THIS ENVELOPE CONTAINS: Plaintiff's Original
Petiton

El Paso County, Texas

By: _Kia-Dre Henry_____

Deputy District Clerk

OR

_____
Name of Authorized Person

By:_____

**VERIFICATION BY AUTHORIZED PERSON**

State of Texas

County of El Paso

      Before me, a notary public, on this day personally appeared _____, known to me to be the person

whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am

disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and

correct."

Subscribed and sworn to be on this _____ day

of _____, _____.

_____
Notary Public, State of _____

My commission expires:_____

Filed 11/22/2021 12:51 PM
Norma Favela Barceleau
District Clerk
El Paso County
2021DCV4071

CAUSE NO._____

| | | |
|---|---|---|
| **THE TRYLLION GROUP** | § § § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § § | |
| **v.** | § § § | **_____ JUDICIAL DISTRICT** |
| **MADISION MANAGEMENT SERVICES, LLC & PROCTOR LOAN SERVICES** | § § § § | |
| **Defendants.** | § § § § | **EL PASO COUNTY, TEXAS** |

---

### PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, THE TRYLLION GROUP ("Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of Defendants MADISON MANAGEMENT SERVICES, LLC & PROCTOR FINANCIAL, INC. Plaintiff would respectfully show this Honorable Court the following information and Causes of Action:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190, Level 3, and requests that the Court enter an appropriate scheduling order.

### PARTIES

2.  Plaintiff is a private company operating under the laws of Texas and operates in El Paso County, Texas. Plaintiff is represented by the Hodge Law Firm.

3.     Defendant, Madison Management Services, LLC, is a foreign for-profit corporation operating in the State of Texas. The Defendant may be served with process by serving its CEO, Kevin J. Cordell, at 4600 Kietzke Lane, Suite K-225, Reno, Nevada, or any of its representatives found there.

4.     Defendant, Proctor Financial, Inc., is a foreign insurance company operating in the State of Texas. The Defendant may be served with process by serving its registered agent, CORPORATION SERVICE COMPANY, 211 E 7TH STREET, SUITE 620, AUSTIN, TEXAS 78701.

## JURISDICTION AND VENUE

5.     The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking only monetary relief over $250,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. Plaintiff reserves the right to amend this petition during or after the discovery process.

6.     The Court has jurisdiction over Defendants because the Defendants engage in the business of insurance in the State of Texas and regularly conduct business activities in the State of Texas.

7.     Venue is proper in El Paso County, Texas, because the Plaintiff insured its property located in El Paso County, Texas through the Defendants and the Defendants engaged in business in El Paso County in relation to the facts made the basis of this suit.

## FACTS

8.     Plaintiff owned the insured Property located at 7531 Hermosillo Street, El Paso, Texas 79915, all of which are located in El Paso County, Texas (hereinafter the "Property").

---

**PLAINTIFF'S ORIGINAL PETITION**

9.      Upon purchase of the Property, Plaintiff contracted with MADISON MANAGEMENT
        SERVICES, LLC (hereinafter "Madison") to provide general management services to the
        Property.

10.     The contract between Plaintiff and Madison did not contain any reference to Madison's
        duty to procure insurance on behalf of Plaintiff.

11.     Madison is the owner of the insurance policies identified as: BP1000545. Hereinafter
        referred to as the Policy.

12.     Madison informed Plaintiff that PROCTOR FINANCIAL, INC. (hereinafter "Proctor")
        was their preferred party from which to obtain insurance policies.

13.     Proctor served as the producer for the above referenced Policies for the Plaintiff.

14.     Madison presented no other option(s) for the procurement of insurance services.

15.     On or about April 29, 2020, Plaintiff was made aware of serious vandalism and theft
        damage that had occurred to the Property. This is a covered loss under the Policy.

16.     Plaintiff quickly submitted a claim against the Policies for damages the Properties
        sustained as a result of the incident. Upon information and belief, Proctor assigned numbers
        LL03312064 for the claim.

17.     Plaintiff asked that that the insurance company cover the cost of repairs to the Properties
        pursuant to the Policies. Plaintiff submitted all necessary documentation and provided all
        necessary access in order for a proper investigation to be conducted.

18.     Proctor's representative, National Claims Connection, inspected the Property and
        determined that the date of loss could not be established within the applicable policy period.
        No payment was issued.   The insurance company failed to properly inspect the Properties

and failed to properly scope the loss by intentionally ignoring the circumstances and nature of the damage and turning a blind eye to the true extent of the loss.

19.     Plaintiff made numerous attempts to remedy this situation.    Defendants failed to attempt to resolve the dispute under the Policies.    Defendants committed multiple violations of the Texas Insurance Code under Chapter 541 and 542 and failed to act in good faith in resolving the claim.

20.     The Plaintiff relied on the expertise and experience of Madison to assist in selecting a suitable insurance policy and one that would provide the customary protections and dispute resolution procedures normally found in Texas policies.

21.     In the event that the Plaintiff was not satisfied with the adjustment of an insurance claim the Plaintiff fully anticipated being able to utilize Texas law and the Texas judicial system to ensure a fair, prompt and equitable adjustment of their claim in accordance with the laws of the great State of Texas and the duty of good faith and fair dealing as well as general due process rights.

22.     The insurance company and Proctor set about to deny and underpay on properly covered damages. As a result of the unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation and thus denying adequate and sufficient payment to Plaintiff to repair their Properties, Plaintiff' was left with no adequate way to dispute the loss because they were wrongfully deprived of all Texas laws governing insurance claims and bad faith adjustments.

23.     The Defendants misrepresented to the Plaintiff the nature, quality and coverage(s) afforded under the Policies. The Defendants misrepresented and knowingly provided false and

PLAINTIFF'S ORIGINAL PETITION

fraudulent information concerning the coverages under the Policies and the endorsements, exclusions and provisions of the Policies.

24.    Ultimately, Plaintiff was forced to sell the Property at a greatly reduced price.

## CAUSES OF ACTION
## (AS TO ALL DEFENDANTS)

25.    Defendants are liable to Plaintiff for negligence and breach of fiduciary duty, as well as intentional violations of the Texas Insurance Code and Deceptive Trade Practices Act in addition to common law fraud.

## FIRST CAUSE OF ACTION - NEGLIGENCE

26.    Plaintiff re-alleges and incorporate each allegation contained in above paragraphs of this Petition as if fully set forth herein.

27.    The Defendants were negligent in their duties to secure insurance on behalf of Plaintiff. Texas law requires an insurance agent (including brokers and producers) and company to exercise due diligence in securing the coverage requested by an applicant for insurance.

28.    The Defendants owed the Plaintiff a legal duty.

29.    The Defendants through their negligence and inaction breached their duty to the Plaintiff.

30.    Defendants' breach of duty has caused the Plaintiff to suffer injury and damages.

## SECOND CAUSE OF ACTION – BREACH OF FIDUCIARY DUTY

31.    Plaintiff re-alleges and incorporates each allegation contained in the above paragraphs of this Petition as if fully set forth herein.

32.    Plaintiff trusted in and relied upon Defendants' expertise in selecting appropriate insurance coverage and completing the required documentation. Plaintiff provided all required documentation to Defendant who failed to follow through with the required task of

procuring appropriate insurance coverage with standardized and generally accepted policy terms and conditions.

33.     Defendants' breach of their fiduciary duty has caused damages to the Plaintiff, including financial and emotional hardship in the rebuilding process.

<u>THIRD CAUSE OF ACTION - DECEPTIVE TRADE PRACTICES</u>

34.     Plaintiff would show that Defendants engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein above.

35.     <u>Unconscionable Action or Course of Action.</u> Defendants engaged in an "unconscionable action or course of action" to the detriment of Plaintiff as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree.

36.     <u>Unfair and Deceptive Acts or Practices.</u> Defendants also engaged in unfair and deceptive acts or practices prohibited by Subchapter B, Chapter 541, Texas Insurance Code, to wit:

(a)     making, publishing, disseminating, circulating, or placing before the public or directly or indirectly causing to be made, published, disseminated, circulated, or placed before the public in a newspaper, magazine, or other publication, or in the form of a notice, circular, pamphlet, letter, or poster, or over any radio or television station, or in any other manner an advertisement, announcement, or statement containing an untrue, deceptive, or misleading assertion, representation, or statement regarding the business of insurance or a person in the conduct of the person's insurance business.

Producing Cause. Plaintiff would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiff's damages more fully described herein below.

Reliance. Plaintiff would further show the acts, practices and/or omissions complained of under Chapter 541 of the Texas Insurance Code were relied upon by Plaintiff to Plaintiff's detriment.

37.     The Defendants took advantage of the Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree and to the Plaintiff's detriment. As a result of the Defendants violations of the DTPA, Plaintiff suffered actual damages. In addition, the Defendants committed the above acts knowingly and/or intentionally, entitling Plaintiff to three times Plaintiff's damages for economic relief.

## FOURTH CAUSE OF ACTION - COMMON LAW FRAUD

38.     Defendants are liable to Plaintiff for common law fraud.

39.     Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as he did, and which Defendants knew were false or made recklessly without any knowledge of their truth as a positive assertion.

40.     The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

41.     The Defendants knowingly or recklessly made false representations as to material facts and/or knowingly concealed all or part of material information from Plaintiff with the intent

of inducing Plaintiff to purchase the Policies in question. The Defendants allowed Plaintiff to use this information, or lack thereof, in justifiable reliance in accepting and purchasing the Policies. Plaintiff relied upon said misstatements and misrepresentations in accepting and purchasing the Policies, and suffered injury as a result thereof.

## DAMAGES

42.     Upon the trial of this case, it shall be shown Plaintiff sustained damages as a result of Defendants conduct. Plaintiff respectfully requests the Court and jury award the amount of loss Plaintiff has incurred in the past and will incur in the future. There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiff for injuries, damages, and losses, incurred and to be incurred. From the date of the occurrence in question until the time of trial of this cause, Plaintiff seeks every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiff's actual damages, Policies benefits, pre-judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages.

43.     Plaintiff would show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

44.     These damages are a direct result of Defendants mishandling of the procurement of Plaintiff's insurance Policies in violation of the laws set forth above.

45.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policies, mental anguish, court costs, and attorney's fees. For knowing

conduct of the acts described above, Plaintiff ask for three times their actual damages. TEX. INS. CODE §541.152.

46. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the claim amount, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

47. For breach of the common law duty of good faith and fair dealing, Plaintiff entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

48. For violations of the Deceptive Trade Practices Act, Plaintiff is entitled to recover actual damages and up to three times Plaintiff' damages for economic relief, along with attorney's fees, interest and court costs.

49. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

50. For the prosecution and collection of this claim, Plaintiff have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

**JURY DEMAND**

51. Plaintiff requests a jury trial, and has tendered any and all requisite fees for such along with the filing of this *Plaintiff's Original Petition.*

**PRAYER**

WHEREFORE, Plaintiff respectfully request that final judgment be rendered for the Plaintiff as follows:

1) Judgment against Defendants for actual damages in an amount to be determined by the jury;

2) Statutory benefits;

3) Treble damages;

4) Exemplary and punitive damages;

5) Pre-judgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of suit;

9) Such other and further relief to which Plaintiff may be justly entitled.

[Signature Page to Follow]

Respectfully Submitted,

By: _____

Shaun W. Hodge
Texas Bar No. 24052995
Jahan V. Guram
Texas Bar No. 24118917
The Hodge Law Firm, PLLC
2211 Strand, Suite 302
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300
Email: shodge@hodgefirm.com

ATTORNEY FOR PLAINTIFF

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kendal McLaughlin on behalf of Shaun Hodge
Bar No. 24052995
kmclaughlin@hodgefirm.com
Envelope ID: 59388116
Status as of 11/23/2021 1:34 PM MST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Becky A.Bethscheider | | bbethscheider@hodgefirm.com | 11/22/2021 12:51:28 PM | SENT |
| Shaun Hodge | | shodge@hodgefirm.com | 11/22/2021 12:51:28 PM | SENT |
| Jahan Guram | | jguram@hodgefirm.com | 11/22/2021 12:51:28 PM | SENT |
| Kendal McLaughlin | | kmclaughlin@hodgefirm.com | 11/22/2021 12:51:28 PM | SENT |



US POSTAGE™ PITNEY BOWES

ZIP 79901 $ 008.54
02 4M
0000356061 NOV 24 2021



NORMA FAVELA BARCELEAU
DISTRICT CLERK
COUNTY COURTHOUSE RM 103
500 E SAN ANTONIO AVE
EL PASO TX 79901-2436

CERTIFIED MAIL

7160 1019 9040 0436 6726

CORPORATION SERVICE COMPANY
211 EAST 7TH STREET
SUITE 620
AUSTIN, TX 78701

CAUSE NO.: 2021DCV4071

| THE TRYLLION GROUP | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | EL PASO COUNTY, TEXAS |
| | § | |
| MADISION MANAGEMENT | § | |
| SERVICES, LLC & PROCTOR LOAN | § | |
| SERVICES | § | |
| *Defendant.* | § | 168th JUDICIAL DISTRICT |

## DEFENDANTS PROCTOR LOAN SERVICES' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant PROCTOR LOAN SERVICES (hereinafter "Proctor"), by and through undersigned counsel, and files this Original Answer, and in support thereof would show the Court the following:

### I.    GENERAL DENIAL

Proctor denies each and every allegation of Plaintiffs' Original Petition and demands strict proof thereof as required by the Texas Rules of Civil Procedure. Proctor asserts a General Denial as authorized by Rule 92 of the Texas Rules of Civil Procedure and requests that Plaintiffs be required to prove the charges and allegations against Proctor by a preponderance of the evidence as required by the Constitution and the laws of the State of Texas. By raising this general denial, Proctor does not waive any rights or argument that venue and jurisdiction in Texas is proper.

### II.    DEFENDANT'S AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim under Count I of Plaintiff's Original Petition as it relates to Proctor. Proctor was Underwriters' agent and owed no duties to Plaintiff, who was not a party

to the Policy. Plaintiff has not plead any facts which would create a duty owed by Proctor to the Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim under Count II of Plaintiff's Original Petition as it relates to Proctor. Proctor was Underwriters agent in regards to the Policy and owed no duties to Plaintiff, who was not a party to the Policy. Plaintiff has not plead any facts which would create a fiduciary duty between Proctor and the Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim under Count III of Plaintiff's Original Petition as it relates to Proctor, as Plaintiff has made no factual allegations against Proctor related to Deceptive Trade Practices under Texas Law. Further, Proctor denies that Plaintiff is insured under the Policy or that the Texas Insurance Code or Texas law would govern a Nevada surplus lines insurance policy issued to Madison Management, a Nevada entity.  Proctor expressly denies that Texas law applies or that a Texas court has jurisdiction over any dispute under the Policy between Underwriters and Madison.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim under Count IV of Plaintiff's Original Petition as it relates to Proctor, as Plaintiff has made no allegations that Proctor made any representations or statements to Plaintiff upon which Court IV could be based. Further, no such statements or representations were in fact made by Proctor to Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to improper service of process, as this action involves a Nevada surplus lines insurance policy issued to a Nevada corporation.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Petition must be dismissed as this court lacks personal jurisdiction and subject matter jurisdiction concerning a Nevada surplus lines insurance contract issued by Proctor, as Underwriters' managing general agent, to Madison Management Services, LLC ("Madison"), a Nevada entity.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Petition must be dismissed due to improper venue.

### EIGHT AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as Plaintiff is not an insured under the insurance policy at issue.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as Texas Insurance Code and/or Texas law do not govern a Nevada surplus lines insurance policy issued to Madison Management, a Nevada entity. Proctor's involvement in the insurance contract at issue as Underwriters' managing general agent has no connection to Texas.

### TENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional defenses with respect to such losses or damages as additional information becomes available or apparent as this litigation proceeds.

### III.    JURY DEMAND

Defendant hereby relies on Plaintiff's demand for a trial by jury.

### IV.    AMENDMENT OF ANSWER

Defendant hereby reserves the right at this time to amend this Original Answer to the Plaintiff's allegations after said Defendant has had the opportunity to more closely investigate

these claims as it is the right and privilege of said Defendant under the Rules of Civil Procedure and the laws of the State of Texas.

## V.    PRAYER

WHEREFORE, Defendant prays that the Court file its Original Answer to Plaintiff's Original Petition, and grant such other and further relief, both general and special, legal and equitable, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

WOOD, SMITH, HENNING & BERMAN LLP

/s/ Robert W. Hellner
Robert W. Hellner, State Bar No. 24108154
901 Main Street, Suite 3670
Dallas, Texas 75202
Telephone:  (469) 210-2050
Fax:  (469) 210-2051
rhellner@wshblaw.com

**ATTORNEYS FOR DEFENDANT**
**PROCTOR LOAN SERVICES**

## <u>CERTIFICATE OF SERVICE</u>

       I certify that on December 16, 2021, a copy of Defendants Madison Management Services, LLC & Proctor Financial, Inc.'s Original Answer was served on all parties and/or counsel of record by electronic service, and the electronic transmission was reported as complete. My email address is rhellner@wshblaw.com.

Shaun W. Hodge
Jahan V. Guram
THE HODGE LAW FIRM, PLLC
2211 Strand, Suite 302
Galveston, Texas 77550
shodge@hodgefirm.com

                                     /s/ Robert W. Hellner
                                     Robert W. Hellner